Filed 3/12/13  P. v. Vita CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056732 |
| v. | (Super.Ct.No. RIF10002324) |
| ERIK ROBERT VITA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge. Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After the trial court granted defendant and appellant Erik Robert Vita's motion to dismiss one of his prior strike convictions, defendant pled guilty to possession of a syringe while in the California Rehabilitation Center (Pen. Code, § 4573.6), and admitted

1

that he had suffered one prior strike conviction (Pen. Code, §§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)), and six prior prison terms (Pen. Code, § 667.5, subd. (b)).  In exchange, defendant was sentenced to a stipulated term of 12 years in state prison with credit for time served.  Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea.  We find no error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2010, defendant possessed a syringe while an inmate at the California Rehabilitation Center.

On April 10, 2010, an information was filed charging defendant with possession of a syringe while in the California Rehabilitation Center.  (Pen. Code, § 4573.6.)  The information also alleged that defendant had suffered two prior strike convictions, to wit, a 1998 robbery and a 1992 burglary (Pen. Code, §§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)), and six prior prison terms (Pen. Code, § 667.5, subd. (b)).

On January 18, 2011, defendant filed a motion to dismiss both of his prior strike convictions pursuant to Penal Code section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  The People subsequently filed their opposition.

On March 30, 2011, the trial court granted the motion to strike defendant's 1992 burglary conviction, and defendant thereafter pled guilty to the charge and admitted he had suffered one prior strike conviction and six prior prison terms.

On July 20, 2011, the trial court granted defendant's motion to withdraw his guilty plea and set the matter for trial.

2

On April 4, 2012, defendant again filed a *Romero* motion to dismiss both of his prior strike convictions. The People subsequently filed their opposition.

On June 5, 2012, the trial court granted defendant's motion to strike one of his prior strike convictions.[1] On that same day, defendant thereafter pled guilty to possession of a syringe while in the California Rehabilitation Center (Pen. Code, § 4573.6), and admitted that he had suffered one prior strike conviction (Pen. Code, §§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)), and six prior prison terms (Pen. Code, § 667.5, subd. (b)). In exchange, defendant was promised a stipulated sentence of 12 years in state prison.

On June 29, 2012, defendant was sentenced in accordance with his plea agreement and awarded credit for time served.

On July 19, 2012, defendant filed a notice of appeal, challenging the sentence or other matters occurring after the plea.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

---

[1] It appears that the trial court intended to strike defendant's prior 1992 burglary conviction. However, later in taking the plea and admission, defendant admitted to having suffered the prior 1992 burglary conviction as a strike, and the trial court stated that it would be striking the "first special prior offense," which was the 1998 robbery conviction. For the purposes of this appeal, the record is clear that the trial court intended to sentence defendant as a one-striker, and we do not believe a remand is necessary.

the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


KING
J.

4